JOHN v. GOETZ.

In re STEPHENSON MOTOR TRUCK CO.

(Circuit Court of Appeals, Seventh Circuit.   January 11, 1921.)

No. 2699.

Assignments for benefit of creditors ⊚═►278—In suit against trustee for negligence, evidence as to depreciation of value of property held admissible.
  In action against trustee for benefit of creditors by trustee in bankruptcy of the assignor, a motor truck company, to recover damages for negligent conduct of defendant as trustee, it was error to exclude evidence offered by defendant that the property of the assignor received by him could not be used in the making of anything other than the assignor's kind of truck, manufacture of which had been discontinued.

In Error to the District Court of the United States for the Eastern District of Wisconsin.

Action by Julius J. Goetz, as trustee in bankruptcy of the Stephenson Motor Truck Company, bankrupt, against Charles J. John. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Robert Wild, of Milwaukee, Wis., for plaintiff in error.
Albert K. Stebbins, of Milwaukee, Wis., for defendant in error.

Before BAKER, ALSCHULER, and PAGE, Circuit Judges.

PAGE, Circuit Judge. This is a writ of error brought to reverse a judgment of the United States District Court for the Eastern District of Wisconsin rendered in favor of the defendant in error, herinafter called plaintiff, and against plaintiff in error, hereinafter called defendant, for $9,720.50 and costs, being an action brought to recover damages for the careless and negligent conduct of the defendant as trustee and custodian of certain personal property.

The Stephenson Motor Truck Company, in October, 1912, was indebted in about $17,000. Its largest debt was $4,000 to the Wisconsin Motor Manufacturing Company, of which defendant John was president. On October 9, 1912, defendant wrote a letter to all of the creditors of the Stephenson Motor Truck Company, in which he explained the affairs of the Stephenson Company in considerable detail. Among other things, he told them that his concern was the largest creditor, that the Stephenson Company owed debts approximating $14,000, that its tangible assets had a fair valuation of about $42,000, that suits were being commenced against it, and that if judgments were obtained the assets, though large, would be dissipated. He then suggested the following plan: That the Stephenson Motor Truck Company execute a trust deed of all its assets to one or more trustees to be named by the creditors, and hold all of such assets for the benefit of the creditors and apply any money received from the sale of any of the assets to the liabilities of the company. The creditors were asked to co-operate with the Wisconsin Motor Truck Company, and the letter

⊚═►For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

stated that if they would agree to do so its president, the defendant, would be glad to act for them without compensation. The suggestion was approved, and on November 12, 1912, the Stephenson Motor Truck Company executed a trust deed to defendant of all its property for the purpose of administering the same and distributing the proceeds among the creditors pro rata. John accepted the position of trustee and took possession of all the property.

On November 3, 1913, Stephenson Motor Truck Company was adjudged a bankrupt, and on the 28th of that month plaintiff was elected trustee. The property taken over by plaintiff was appraised in bankruptcy at $2,138.50, and this suit was brought to recover from John the difference between the value of the estate as it came to his hands and the appraisal value in bankruptcy, upon the theory that his negligence as trustee had occasioned the loss.

No complaint is made as to the instructions to the jury, but it is claimed that the court erred in rejecting evidence offered by the defendant. Upon the examination of the witness Milbrath, a large number and variety of questions were asked by defendant, the answers to which would tend to show whether the property received by defendant could be used in the making of anything other than the Stephenson truck. The making of that truck was discontinued nearly a year before the execution of the trust deed, and there was no probability that the making of it would be resumed. All of those questions were objected to, the objections sustained in most cases, and exceptions taken. In one instance the court said:

"You are not permitted to ask this question whether anybody but the Stephenson concern as a going concern could use it."

The defendant John could not in any event be held to respond in damages in any greater amount than the injury caused to the estate by his negligent failure to perform his duties as trustee. So it became material to determine in the first instance whether the failure during the time the property was in the possession of John to convert it into money and pay it to the creditors was due to the negligence of John, or was due to the fact that the property could only be sold for a specific purpose and that there was no demand for it for that purpose. It appears from the record, that while some inconsiderable portions of the property were lost, by theft or otherwise, and unaccounted for by John to the plaintiff, yet it also appears that by far the greater part of the property received by John was turned over in kind to the plaintiff. It also appears that the prices put upon many articles by the appraisers in bankruptcy were very much less than the prices put upon the same articles in the inventory made May 1, 1912, by the Stephenson Company.

That inventory formed the basis of the value of the property as communicated to the creditors by John on October 9, 1912, so that it became material to know how much of that difference was due to the negligence of John, and how much of it was due to the fact that the property was practically worthless, if such was the fact, except in

connection with the manufacture of the Stephenson motor truck. The evidence offered, therefore, was competent and material, and it was erroneously excluded.

The judgment is reversed, and the cause remanded for further proceedings in harmony with this opinion.